# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

──────────────────────────────────

| | |
|---|---|
| Tony Terrell Robinson, | Case No. 17cv437-DSD-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota, State of et al. | |
| Defendants. | |

──────────────────────────────────

Defendants Centurion of Minnesota, LLC ("Centurion") and Jeanne Luck filed a motion to compel the plaintiff, Tony Terrell Robinson, to sign a release of medical records or for the Court to order the release of his records. (ECF No. 135.) Defendant Stephen Dannewitz has filed a substantially similar motion to compel. (ECF No. 148.) This matter has been temporarily stayed while the parties and Court prepare for an early settlement conference. However, because the records now at issue are essential to the defendants' ability to evaluate the case, the Court considers the motions to compel at this stage. For the reasons set forth below the Court GRANTS the motions to compel.

Mr. Robinson injured his ankle while incarcerated at Minnesota Department of Corrections Lino Lakes Correctional Facility, and he alleges that the defendants failed to properly treat his ankle injury and its associated pain. He claims damages for physical pain and emotional suffering. Centurion, Ms. Luck, and Dr. Dannewitz

served Mr. Robinson with Rule 34 requests for production of his medical records, including a copy of a medical authorization, which, if signed by Mr. Robinson, would permit the defendants to access his Department of Corrections medical records. Mr. Robinson refused to produce the documents and refused to sign the authorization, objecting to the request on the grounds of overbreadth, privilege, and irrelevance. Centurion, Ms. Luck, and Dr. Dannewitz then served the motions to compel.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1). Discovery rules are broadly interpreted, including those related to relevancy. *E.g.*, *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1991.) "[A]ny matter that bears on, or that could reasonably relate to other matters that could bear on, any issue that is or may be in [the] case" is relevant. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). In fact, information is "generally discoverable unless it is clear that the information sought has no bearing upon the subject matter of the action." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 237 (D. Minn. 2013) (quotation omitted).

Here, it is clear that Mr. Robinson's medical records are relevant to this action. In fact, because the litigation revolves around Mr. Robinson's physical and emotional injuries, they are a key piece of evidence necessary for the resolution of the issues in the case, whether by settlement or decision on the merits. Accordingly, the Court grants Centurion, Ms. Luck, and Dr. Dannewitz's motions to compel. However, the Court will only order Mr. Robinson to sign the medical authorization; it does not, at

this time, order the direct release of Mr. Robinson's medical records absent his consent.  Mr. Robinson brought this case and put his physical and mental health into controversy.  Given his previous reluctance to provide medical authorization to the defendants, he should consider whether he wishes to continue with his case.  To that end, the Court will require Mr. Robinson to sign the medical authorization within **two weeks** of this Order.  If he does not, the Court will make a recommendation for dismissal of this case for failure to prosecute.

Finally, Dr. Dannewitz seeks monetary sanctions against Mr. Robinson for the fees and costs incurred by Dr. Dannewitz in making this motion.  The Court denies this request.  Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure provides the Court with discretion to deny the award of fees and costs if it finds that circumstances would make an award of expenses unjust, and here, such circumstances exist.  Mr. Robinson is a pro-se litigant who is incarcerated and has been granted in forma pauperis status.  Requiring him to pay the attorney fees and costs for a discovery dispute of this nature would ultimately be unjust.

**Accordingly, IT IS HEREBY ORDERED:**

1. The Motion to Compel filed by Centurion of Minnesota, LLC and Jeanne Luck (ECF No. 135) is GRANTED IN PART AND DENIED IN PART.  Mr. Robinson must provide a signed authorization within **two weeks** to Centurion and Ms. Luck.  Centurion and Ms. Luck's request for an order releasing Mr. Robinson's medical records to them is DENIED.

2. The Motion to Compel filed by Stephen Dannewitz (ECF No. 148) is GRANTED IN PART AND DENIED IN PART. Mr. Robinson must provide a signed authorization within **two weeks** to Dr. Dannewitz. Dr. Dannewitz's request for fees and costs is DENIED.

3. Centurion, Ms. Luck, and Dr. Dannewitz must provide Mr. Robinson with a copy of the medical records they receive as a result of this Order.

4. If Mr. Robinson fails to comply with this Order and does not provide signed authorizations to Centurion, Ms. Luck, and Dr. Dannewitz within ten (10) days of this order, the Court will make a recommendation for dismissal due to failure to prosecute.

Dated: December 12, 2018                *s/ Katherine Menendez*
                                        Katherine Menendez
                                        United States Magistrate Judge