UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────

Tony Terrell Robinson,                    Case No. 17cv437-DSD-KMM

        Plaintiff,

v.                                        **ORDER**

Minnesota, State of et al.

        Defendants.

───────────────────────────────────

This matter comes before the Court on two motions filed by plaintiff Tony Robinson: A Motion to Exclude Expert Report and a Motion for Temporary Stay. (ECF Nos. 192, 202.) Defendants Dr. Dannewitz and Dr. Saini oppose both of Mr. Robinson's motions. After careful consideration, the Court determines that Mr. Robinson's Motion to Exclude Expert Report should be DENIED, and Mr. Robinson's Motion for Temporary Stay should be GRANTED.

**I.    Motion to Exclude Expert Report**

In his Motion to Exclude Expert Report, Mr. Robinson asks this court to excuse him from producing a written expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B). Instead, he asks the Court to deem the fact that he has disclosed that Dr. Jeffery Seybold, M.D. as his expert witness to be sufficient to meet those procedural obligations. Mr. Robinson does not cite any cases to support this contention, but instead seems to argue that if his disclosure meets the requirements for a state law, Minn. Stat. § 145.682, then it should also satisfy Rule 26 requirements. The Court disagrees.

It is well settled that federal procedural law is applied in federal court, not state procedural law. *E.g.*, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). And Rule 26 requires far more in the production of an expert report than Minn. Stat.

§ 145.682. Therefore, it is clear that the affidavit provided by Mr. Robinson, which may satisfy state law requirements, does not meet the requirements of Rule 26. Moreover, the Court observes that Rule 26 serves important goals, including enabling the defendants to adequately defend against Mr. Robinson's claims and to prepare their own experts for trial. *See, e.g.*, *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682–3 (1958) (Modern instruments of discovery…make a trial less a game of blind man's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."). Mr. Robinson's motion to be excused from providing a written expert report must be denied.

## II. Motion for Temporary Stay

Mr. Robinson is currently incarcerated and has been in administrative detention since November 5, 2019. (ECF No. 202 at ¶ 4.) He originally requested a temporary stay of 30 days. However, after learning that he was to stay in administrative detention until transfer to a new facility, he has requested an open-ended stay, to be lifted upon his transfer. (ECF No. 206 at ¶ 9.) Both Dr. Dannewitz and Dr. Saini oppose the stay.

Courts have broad inherent power to issue stays. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). Relevant factors to consider include "the conservation of judicial resources, maintaining control of the court's docket, providing for the just determination of cases, as well as the potential for duplicative efforts and wasted resources of the parties and hardship to the party opposing the stay." *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 956–7 (D. Minn. 2018). As the party requesting the stay, Mr. Robinson bears the burden of establishing the need for one. *Id.*

The Court finds that Mr. Robinson has carried his burden here. While in administrative detention, Mr. Robinson's access to resources he needs to pursue his case pro se is made more difficult. Additionally, neither defendant opposing the stay have adequately demonstrated that they will suffer hardship if a brief stay is granted.

However, Mr. Robinson has not demonstrated the need for an indefinite stay. Instead, the Court finds that a moderate stay of 30 days is warranted here. This will

2

give Mr. Robinson extra time to work on his case despite the challenges of his lockeddown status, without unduly delaying the proceedings. The Court is mindful that entering a stay requires balancing factors of prejudice. While the Court finds that balance is currently in Mr. Robinson's favor, the longer the delay in the proceedings, the more that balance will inevitably shift in favor of the defendants. Indeed, if Mr. Robinson has not been transferred after 30 days, the Court will have serious concerns about his practical ability to continue to prosecute his case from prison, and will be unlikely to grant an additional delay.

## III. Order

Accordingly, IT IS HEREBY ORDERED:

1. Mr. Robinson's Motion to Exclude Expert Report, ECF No. 192, is DENIED. Mr. Robinson's expert report pursuant to FRCP 26(a)(2)(B) is due fourteen (14) days after the stay in this case is lifted.

2. Mr. Robinson's Motion for Temporary Stay, ECF No. 202, is GRANTED. This case is stayed for 30 days until January 11, 2020.

Dated: December 12, 2019    *s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge