# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Tony Terrell Robinson, | Case No. 17cv437-DSD-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota, State of et al. | |
| Defendants. | |

_____

This matter is before the Court on Mr. Robinson's Motion to Appoint Counsel. (ECF No. 208.) After careful consideration, the Court finds that this motion should be DENIED.

There is no right to an attorney in any civil action. *Philips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, a court may, in its discretion, request an attorney to represent a civil litigant unable to afford counsel on their own. *Id.*; *see also* 28 U.S.C. § 1915(e)(1). Factors that a court considers in making this determination include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* Here, the Court finds that none of these factors necessitate an appointment of counsel at this stage.

First, the matter before the Court in this litigation is not particularly complex. There are three main issues remaining in this case: whether defendant Jeanne Luck, LPN ordered the incorrect site to be imaged via x-ray, whether defendant Ranjiv Saini, MD, negligently interpreted the x-ray, and whether the medical care provided by defendant Stephen Dannewitz, MD was so inadequate so as to constitute a violation of the Eighth Amendment. Each of these issues is resolvable with a simple fact determination, a reality that weighs against the appointment of counsel. Second, Mr.

Robinson only suggests the "possibility" of conflicting testimony in this case, but does not actually reference the existence of any that might require the assistance of counsel. *See Philips*, 437 F.3d at 794. Third, Mr. Robinson's claims require information easily available to him. His arguments largely depend on his own medical records. *See id.* Finally, the Court finds that the legal arguments, much like the factual issues in this case, are not complex, and there is no indication that Mr. Robinson is incapable of presenting his claims. Indeed, Mr. Robinson has demonstrated his ability to litigate this matter by filing several successful motions and citing appropriate statutes and case law in support of his arguments. *Larson v. Lake*, No. 17-cv-3551 (NEB/ECW), 2019 WL 5150832 at *20 (D. Minn. June 10, 2019). Under these circumstances, the Court determines that it is not necessary at this to appoint counsel for Mr. Robinson.

## II.  Order

Accordingly, IT IS HEREBY ORDERED that Mr. Robinson's Motion to Appoint Counsel (ECF No. 208) is DENIED.


Dated:  December 19, 2019        *s/ Katherine Menendez*
                                 Katherine Menendez
                                 United States Magistrate Judge