UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Tony Terrell Robinson,                                Case No. 17cv437-DSD-KMM

        Plaintiff,

v.                                                                      **ORDER**

Minnesota, State of et al.

        Defendants.

_____

      This matter is before the Court on Mr. Robinson's[1] Motion to Consider Responses to Defendant's Opposition. (ECF No. 212.) After careful consideration, the Court finds that Mr. Robinson's motion should be DENIED.

**I.    Procedural Background**

      On October 21, 2019, Mr. Robinson filed a Motion to Exclude Expert Report, requesting that he be exempted from the requirement to provide a written expert report. (ECF No. 192.) The defendants opposed the motion (ECF No. 205), and on December 12, 2019, this Court denied Mr. Robinson's motion. (ECF No. 207.) On December 26, 2019, Mr. Robinson filed a reply to the defendants' opposition and the present motion requesting the Court to consider it. (ECF Nos. 211, 212.)

**II.   Analysis**

      In his motion, Mr. Robinson argues that the Court should have waited for his

---

[1] On December 26, 2019, Mr. Robinson publicly filed a letter to this Court indicating that he is transgender and in the early stages of transitioning. (ECF No. 217.) In that letter, he referred to himself as "Tony Robinson" and used masculine pronouns to describe himself. Therefore, the Court uses the same here. If Mr. Robinson prefers a different manner of address, he may inform the Court by letter.

reply before issuing its decision. However, according to Local Rule 7.1, Mr. Robinson's Motion to Exclude Expert Report was a non-dispositive motion. L.R. 7.1(b)(4)(A)(iii) (classifying discovery-related motions as non-dispositive). Reply memoranda in support of non-dispositive motions are not permitted except where the court has given prior permission. L.R. 7.1(b)(3). Mr. Robinson did not request permission to file his reply, instead choosing to file it simultaneously with his reply. The Court had no reason to expect a reply from Mr. Robinson and is under no obligation to consider it now.

However, the Court is mindful of the delays caused by Mr. Robinson's incarceration. Therefore, it will briefly address the argument made in his reply. Mr. Robinson argues that his physician, Dr. Seybold, is exempt from the Rule 26(a)(2)(B) requirement for written reports because as an unretained treating physician, he falls under the Rule 26(a)(2)(C) disclosure requirement. This argument, rather than rebutting the arguments made in the defendant's response, shifts the focus of Mr. Robinson's motion entirely. In his original motion, Mr. Robinson requested the relief of being exempt from the Federal Rules of Civil Procedure. Now, he essentially seeks an advisory opinion from the Court regarding which provision of Rule 26(a)(2) applies to Dr. Seybold. However, regardless of the answer to that question, Mr. Robinson would not be exempt from following that rule. Thus, the Court will not disturb its previous ruling.[2]

### III. Order

Accordingly, IT IS HEREBY ORDERED that Mr. Robinson's Motion to Consider Responses (ECF No. 212) is DENIED.

Dated: January 27, 2020         *s/ Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge

---

[2] The Court observes that this question is also better suited as an evidentiary challenge made at summary judgment or in a motion in limine. *See Cattanach v. Burlington Northern Santa Fe, LLC*, No. 13-cv-1664 (JRT/JSM), 2015 WL 5521751 at *12 (D. Minn. Sept. 18, 2015).