UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Tony Terrell Robinson,                      Case No. 17cv437-DSD-KMM

               Plaintiff,

v.                                                              **ORDER**

Minnesota, State of et al.

               Defendants.

_____

     This matter is before the Court on a plethora of filings in the above case. In response to these, and in an effort to bring clarity to the current docket, the Court issues the following Order.

## I.    Factual and Procedural Background

     Mr. Robinson alleges that while he was incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota, he sustained an injury to his right ankle and foot while playing basketball. (ECF No. 197 at ¶ 11.) Though he received prompt and ongoing medical attention, the pain in his foot and ankle did not resolve itself. Specifically, Mr. Robinson alleges that though he received x-rays, no fracture or break in his ankle or foot was identified or treated. However, once he was released, Mr. Robinson alleges that he saw a doctor who obtained new x-rays and a CT scan, which showed that Mr. Robinson had fractured his foot. (ECF No. 197 Ex. 2 at 11.) This fracture required surgery to heal. (*Id.* at 11–13.)

     Mr. Robinson, now in the custody of the Federal Bureau of Prisons, brought this pro se lawsuit against the medical staff that saw him after his original injury. He alleges, *inter alia*, deliberate indifference to serious medical needs in violation of the Eighth Amendment proscription against cruel and unusual punishment, violation of Minnesota's medical malpractice laws, and intentional and negligent infliction of

emotional distress.

## II.     Analysis

Though discovery is still ongoing, the defendants who remain in this litigation have all filed motions for summary judgment.[1] (ECF Nos. 219, 242, 252). Mr. Robinson, instead of filing responses to the motions, filed his own self-styled motions to deny the defendants' motions as premature, or, in the alternative, for more time to respond to the motions. (ECF Nos. 268, 273.) In the intervening time, Mr. Robinson filed a number of additional motions: a Motion for Leave to Enlarge Discovery Tools (ECF No. 238); a Motion to Appoint Expert (ECF No. 297); a Motion for Clarification (ECF No. 302); and a Motion for Leave to Respond (more properly identified as a motion for surreply) (ECF No. 303). Additionally, defendant Dr. Dannewitz filed a Motion to Stay Expert Discovery while summary judgment is ongoing (ECF No. 283), and Mr. Robinson filed a Motion for Leave to Respond to that motion (ECF No. 301).

### 1.     Summary Judgment Briefing

Mr. Robinson opposes the motions for summary judgment as prematurely filed. He argues that discovery is still ongoing, so summary judgment is inappropriate. However, Federal Rule of Civil Procedure 56(b) permits a party to "file a motion for summary judgment at any time until 30 days after the close of all discovery," unless otherwise modified by the court or the local rules. Therefore, the fact that the defendants have filed for summary judgment before the close of discovery does not, by itself, make those motions premature. Of course, summary judgment is only proper "after the nonmovant has had adequate time for discovery." *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (citation omitted).

The appropriate procedural device used to determine whether adequate time has been had is Federal Rule of Civil Procedure 56(d) (formerly 56(f)). This allows a party opposing summary judgment to request that the court postpone a decision until adequate discovery is completed. In order to obtain such a continuance, the party

---

[1] One defendant, Anne Glaser, previously reached a settlement with Mr. Robinson and is no longer involved in this case.

seeking it must file an affidavit "affirmatively demonstrating…how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of genuine issue of fact." *Id.* (citation omitted). To make a successful request under Rule 56(d), the party seeking relief must show "(1) that they have set forth in an affidavit form the specific facts that they hope to elicit from further discovery; (2) that the facts sought exists; and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018). A district court has "wide discretion" in deciding such a motion. *Id.*

To this Court's knowledge, there is no "motion" to deny a summary judgment motion as premature; rather, prematurity is a ground upon which a summary judgment motion can be denied. However, Mr. Robinson's motions to deny summary judgment as premature do not read as traditional defensive responses to summary judgment motions. Indeed, he requests the alternative relief of additional time to respond to the summary judgment motions. And the Court does not think it would serve the means of justice to accept Mr. Robinson's earnest but ultimately incorrect motions as his sole response in the crucial and dispositive summary judgment phase of this case. Thus, though Mr. Robinson's motions are not styled as Rule 56(d) requests, in liberally interpreting his pro se submissions, the Court finds that they are best read as such requests.

Applying the Rule 56(d) standard to Mr. Robinson's requests, the Court finds that he has not made the showing necessary to postpone the summary judgment decision at this time. He has made some effort to identify what discovery he is still waiting on, including questions about the qualifications and authority of the defendants, but has failed to identify or demonstrate how these sought-after facts are "essential" to resist the summary judgment motion. *See Johnson*, 903 F.3d at 772. Instead, Mr. Robinson simply argues that he will be ill-equipped to adequately respond to summary judgment without that information. This broad and conclusory statement does not meet the requirements of Rule 56(d). Therefore, the Court will proceed with the summary judgment motion.

However, as discussed above, it does not serve the means of justice to make a decision based on the current state of the briefing. Therefore, the Court will provide

Mr. Robinson with an additional 30 days to substantively respond to the summary judgment motions. The defendants will have seven days from the day Mr. Robinson's response is docketed to reply. After this final round of briefing, the Court will take the motions under advisement. No additional briefing will be permitted.

Finally, Mr. Robinson's requests suggest that he may not yet have received responses to discovery requests that he has served upon the defendants. If the defendants have not yet served responses and objections to Mr. Robinson's discovery requests, they must do so in a timely fashion. And if any outstanding requests are late, defendants must immediately serve appropriate responses and objections. Failure of the defendants to comply with valid discovery will provide a basis for the Court deny the current summary judgment motions without prejudice as prematurely filed.

### 2. Motion for Leave to Enlarge Discovery Tools

Mr. Robinson seeks leave to serve additional interrogatories and requests for admissions on the defendants. He argues that he is pro se and incarcerated, making these his only means for fact discovery. When a party seeks leave to serve additional discovery, they must "make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999). Mr. Robinson has not met this burden. Because Mr. Robinson has not specifically shown what additional discovery he needs, nor why he needs it, beyond the broad and conclusory statement that "these are his only means for fact discovery," the Court denies his motion.

### 3. Motion for Clarification

Though Mr. Robinson's filing at docket number 302 is styled as a motion, after careful review, the Court does not find any relief requested in it. Therefore, the Court denies the motion. However, the Court will note the clarifications within the document.

### 4. Expert Discovery

Dr. Dannewitz filed a motion requesting a stay of expert discovery in this case

on March 3, 2020.  (ECF No. 283.)  Instead of responding to the motion directly, Mr. Robinson made his own motion requesting leave to respond to Dr. Dannewitz's motion on March 12, 2020.  (ECF No. 301.)  In that motion, Mr. Robinson cited Local Rule 7.1 as the reason for his request.  Mr. Robinson seems to have misunderstood the rule at 7.1—there is no need to ask for leave to respond to an opening brief for a nondispositive motion.  *Compare* Local Rule 7.1(b)(2) ("Within 7 days after filing of a nondispositive motion…the responding party **must** file and serve… [a] memorandum of law….") (emphasis added) *with* Local Rule 7.1(b)(3) ("Except with the court's prior permission, a party must not file a reply memorandum in support of a nondispositive motion.").  However, to avoid confusion, the Court grants Mr. Robinson's request.  The Court will defer ruling on the outstanding Motion to Appoint Expert (ECF No. 297) until after the motion to stay is fully briefed.

### III. Order

Accordingly, IT IS HEREBY ORDERED THAT:

1. Mr. Robinson's Motion for Leave to Enlarge Discovery Tools (ECF No. 238) is DENIED WITHOUT PREJUDICE.
2. Mr. Robinson's Motion for Leave to Respond (ECF No. 301) is GRANTED. Mr. Robinson must respond to Dr. Dannewitz's Motion to Stay (ECF No. 283) within 30 days of the date of this Order.
3. Mr. Robinson's Motion for Clarification (ECF No. 302) is DENIED because it seeks no relief.  However, the Court notes the clarifications contained within the document.
4. Mr. Robinson's Motion for Leave to Respond (ECF No. 303) is GRANTED with the following modifications:
    a. Mr. Robinson shall have 30 days from the date of this Order to respond to all currently pending summary judgment motions (ECF Nos. 219, 242, 252).  All arguments Mr. Robinson wishes to make against these motions should be included in his response.  The Court will not grant another round of briefing.
    b. The defendants may file a reply within seven days after Mr. Robinson's responses to the motions for summary judgment are docketed, after which this Court will take the summary judgment

5

motions and Mr. Robinson's Motions to Deny Summary
Judgment as Premature (ECF Nos. 268, 273) under advisement.
5. To the extent that any defendants have unanswered interrogatories, requests for admission, or document requests, they must respond or properly object to the outstanding discovery and deliver it to Mr. Robinson as soon as practicable.

Dated: April 3, 2020      *s/ Katherine Menendez*
               Katherine Menendez
               United States Magistrate Judge