UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Tony Terrell Robinson,                              Case No. 17cv437-DSD-KMM

          Plaintiff,

v.                                                  **ORDER**

Minnesota, State of et al.

          Defendants.

_____

This matter is before the Court on two motions made by plaintiff Tony Terrell Robinson: a Motion for Extension of Time to Correct Mr. Robinson's Expert's Affidavit (ECF No. 310) and a Motion to Enlarge the Number of Discovery Requests (ECF No. 334). After careful consideration, the Court GRANTS Mr. Robinson's motions.

Mr. Robinson requests leave to file an updated affidavit of his expert, Dr. Seybold outside of the time provided by section 145.682 of the Minnesota Statutes. The Minnesota Supreme Court has held that an extension to serve an affidavit may be granted if the proponent demonstrates excusable neglect. *Stern v. Dill*, 442 N.W.2d 322, 324 (Minn. 1989). To demonstrate excusable neglect, the plaintiff must show four factors: (1) the plaintiff has a reasonable case on the merits; (2) a reasonable excuse for the failure to meet the statutory time limits exists; (3) the plaintiff has proceeded with due diligence after notice of statutory time limits; and (4) there is no risk of substantial prejudice to the defendants. *Bellecourt v. United States*, 784 F. Supp. 623, 636–37 (D. Minn. 1992). Defendant Dr. Dannewitz opposes Mr. Robinson's request, arguing that Mr. Robinson cannot demonstrate that he has a reasonable case on the merits based on Dr. Seybold's affidavit, with respect to the case against Dr. Dannewitz only.

The Court disagrees. Though Dr. Dannewitz has provided arguments as to

why Dr. Seybold's affidavit does not support a reasonable case on the merits as to him, the Court is mindful that there are additional defendants in this case to whom the affidavit also applies. These defendants have not opposed Mr. Robinson's motion. It would be impractical under these circumstances to permit a late-filed affidavit to be used in a medical malpractice case against some defendants, but not one, and instead require Mr. Robinson to use the older affidavit against Dr. Dannewitz.

The Court further determines that the rest of the requirements of excusable neglect are demonstrated here. Mr. Robinson's incarceration and reliance on mail service instead of electronic communications makes compliance with procedural deadlines nearly impossible. And he has proceeded with diligence, attempting to pursue this update to Dr. Seybold's affidavit despite the time delays. Finally, the Court finds no risk of substantial prejudice against the defendants. As a practical matter, Mr. Robinson has already filed the affidavit. Though the Court would prefer that Mr. Robinson wait for Court permission on such matters, in this case the fact that the affidavit was available and readily filed belies a finding of substantial prejudice. And Dr. Dannewitz has already indicated his intention of responding to the affidavit in his reply briefing to summary judgment. This small delay caused by the late-filed affidavit does not prevent the defendants from robustly defending themselves. Accordingly, the Court will grant Mr. Robinson's motion and recognize the late-filed affidavit.

In a related housekeeping manner, Mr. Robinson requested leave to reply to Dr. Dannewitz's opposition. (ECF No. 326, *see* ECF Nos. 310, 314.) A reply is not automatically granted when briefing a nondispositive motion, but the Court may permit a party to file a reply when appropriate. Local Rule 7.1(b)(3). Here, the Court did not need additional briefing in order to make its decision on the motion. Therefore, Mr. Robinson's motion for a reply (ECF No. 326) is DENIED as moot.

Finally, Mr. Robinson has moved to enlarge the number of discovery requests. (ECF No. 334.) The defendants have not opposed this request, and it appears that Mr. Robinson has already served the additional requests on defendants. Because there is no opposition, and little risk of undue delay or prejudice, the Court GRANTS Mr. Robinson's motion to enlarge the number of discovery requests.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Mr. Robinson's Motion for Extension of Time to Correct Mr. Robinson's Expert's Affidavit (ECF No. 310) is GRANTED.
2. Mr. Robinson's Motion for Leave to Reply to Dannewtiz Opposition (ECF No. 326) is DENIED.
3. Mr. Robinson's Motion to Enlarge the Number of Discovery Requests (ECF No. 334) is GRANTED.

.

Dated:  May 6, 2020                    *s/ Katherine Menendez*
                                       Katherine Menendez
                                       United States Magistrate Judge