RAE # 4

RECEIVED
BY MAIL
MAY 21 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA



UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Terrell Robinson,<br><br>Plaintiff,<br><br>vs.<br><br>Stephen Dannewitz, M.D., Advanced Medical Imaging, Inc., Ranjiv Saini, M.D., Centurion of Minnesota, LLC, Jeanne Luck, LPN,<br><br>Defendants. | Case No.: 0:17-CV-00437-DSD-KMM<br><br>**DEFENDANTS CENTURION OF MINNESOTA, LLC AND JEANNE L. LUCK, LPN'S, ANSWERS TO PLAINTIFF'S INTERROGATORIES** |

TO: Plaintiff [*Pro Se*] Tony Terrell Robinson, Inmate ID: 18099-041, Federal Correctional Institution, P.O. Box 5000, Greenville, Illinois 62246-5000, and his attorney Zorislav R. Leyderman, The Law Office of Zorislav R. Leyderman, 222 South 9th Street, Suite 1600, Minneapolis, MN 55402.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Centurion of Minnesota, LLC and Jeanne Luck, LPN respond to Plaintiff's Interrogatories as follows:

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please state whether the insurance carrier has paid a claim for Jeanne Luck, LPN or Centurion of Minnesota, LLC before?

**ANSWER:** Defendants object to this Interrogatory on the grounds that it is vague and lacking in definition, as it is unclear what insurance carrier and what kind of claim is being referenced by Plaintiff, and it is confidential. Defendants object to this Interrogatory because it is irrelevant to any claim or defense asserted in this action or to the subject matter involved in this action. Defendants further object to this Interrogatory on the grounds that it was interposed for an improper purpose, such as to harass.

**INTERROGATORY NO. 2:**  Please state whether Jeanne Luck, LPN, or Centurion of Minnesota, LLC has ever been a party to any previous claim, in any action?

   a. If so, for what type of claim?
   b. If so, from what court, and under what case #?

**ANSWER**: Defendants object to this Interrogatory because it is irrelevant to any claim or defense asserted in this action or to the subject matter involved in this action. Defendants further object to this Interrogatory on the grounds that it was interposed for an improper purpose, such as to harass. Subject to and without waiving any objections, Defendant Luck has not been subject to any previous medical malpractice claim.

**INTERROGATORY NO. 3:**  Please state whether Jeanne Luck, LPN had a current license to practice medicine between April 2014 through June 2014?

   a. If so, what license(s) does Jeanne Luck, LPN hold?
   b. If not, how was Jeanne Luck, LPN permitted to see inmates in the Department of Corrections?

**ANSWER**: Defendants object to this Interrogatory because it is irrelevant to any claim or defense asserted in this action or to the subject matter involved in this action. Defendants further object to this Interrogatory on the grounds that it was interposed for an improper purpose, such as to harass. Subject to and without waiving any objections, Defendant Luck was licensed to practice professional nursing between April 2014 and June 2014. She was a Registered Nurse with License Number: R 105398-8.

**INTERROGATORY NO. 4:**  Please state what is the policy on making dictations in a patient's chart?

**ANSWER**: *See* Minnesota Department of Corrections Policy No. 500.045.

**INTERROGATORY NO. 5:**  Please state how Jeanne Luck, LPN, was employed by Centurion of Minnesota, LLC:

   a. What was [SIC] the terms of Jeanne Luck's employment?
   b. What was Jeanne Luck's LPN total compensation for the year of 2014?

**ANSWER**: Defendants object to this Interrogatory to the extent it seeks information about the terms of Defendant Luck's employment, because such information is irrelevant to any claim or defense asserted in this action or to the subject matter involved in this action. Defendants further object to this Interrogatory on the grounds that it was interposed for an improper purpose, such as to harass. Subject to and without waiving any objections,

Defendant Luck was employed by MHM Health Professionals, Inc. from January 1, 2014 to February 26, 2015.

**INTERROGATORY NO. 6:** Please state what the policy is regarding placing medical holds on inmates?

   a. Who has the authority to place a hold?

**ANSWER**: Defendants object to this Interrogatory on the grounds that it is vague and lacking in definition, as it is unclear what Plaintiff means by the phrase "placing medical holds."

**INTERROGATORY NO. 7:** When you initially seen [SIC] the plaintiff, Tony Terrell Robinson, why did you order an x-ray of the ankle only?

**ANSWER**: Defendants state that an emergent sick call was reported on April 14, 2014. At that time, Plaintiff complained of right ankle pain after he "heard a pop" in his ankle when playing basketball. Plaintiff believed his ankle was broken. Minor swelling was observed around Plaintiff's right ankle. Ordering an x-ray of Plaintiff's right ankle was consistent with Plaintiff's complaints at the time. Further answering, Defendants refer to Plaintiff's medical records for a discussion of Plaintiff's symptoms, presentation, and steps taken. Defendants state that reasonable and appropriate steps were taken during the initial assessment to care for and treat Plaintiff's injury.

**INTERROGATORY NO. 8:** Please state how many x-ray's of a person's ankle have you previously ordered?

   a. How many x-rays of foots [SIC]?
   b. How many x-rays did you order that combined both the ankle and foot?

**ANSWER**: Defendants object to this Interrogatory because it is irrelevant to any claim or defense asserted in this action or to the subject matter involved in this action. Defendants further object to the extent this Interrogatory seeks sensitive and/or personal information, and seeks patient information in violation of privacy laws. Finally, Defendants object to this Interrogatory on the grounds that it would take an unreasonable amount of time and money to determine the number of foot and ankle x-rays performed by Centurion providers, and is not proportionate to the needs of this case.

**INTERROGATORY NO. 9:** Why didn't you Jeanne Luck, LPN order an x-ray of Tony Terrell Robinson's foot?

**ANSWER**: *See* Answer to Interrogatory No. 7.

3

**INTERROGATORY NO. 10:** Please state whether Jeanne Luck, LPN, has ever been disciplined by any medical board/commission in the past?

    a. If so, for what action?

**ANSWER:** Defendants object to this Interrogatory because it is irrelevant to any claim or defense asserted in this action or to the subject matter involved in this action. Defendants further object to this Interrogatory on the grounds that it was interposed for an improper purpose, such as to harass. Subject to and without waiving any objections, Defendant Luck has not been subject to discipline by any medical board/commission.

**INTERROGATORY NO. 11:** Please state how Jeanne Luck, LPN, ordered the x-ray of Tony Terrell Robinson on April 16, 2014?

**ANSWER:** *See* Answer to Interrogatory No. 7.

**INTERROGATORY NO. 12:** Please state the symptoms that Tony Terrell Robinson presented to you on his visit with you?

**ANSWER:** *See* Answer to Interrogatory No. 7.

**INTERROGATORY NO. 13:** Please state did Jeanne Luck, LPN, have the authority to order Tony Terrell Robinson to be taken to an emergency room the day of the injury?

**ANSWER:** Defendants object to this Interrogatory on the grounds that is calling for a legal conclusion and is calling for an expert opinion. Defendants state that reasonable and appropriate steps were taken during the initial assessment to care for and treat Plaintiff's injury. Further answering, Defendants state that medical providers can recommend transfer to an emergency department in certain emergent situations, but nothing in Plaintiff's post-injury records suggest that this was such a situation.

**INTERROGATORY NO. 14:** Please state what is the standard of care when a patient presents with the same symptoms that Tony Terrell Robinson did, that Jeanne Luck, LPN was to follow?

**ANSWER:** Defendants object to this Interrogatory on the grounds that is calling for a legal conclusion and is calling for an expert opinion. Defendants state that reasonable and appropriate steps were taken during the initial assessment to care for and treat Plaintiff's injury. The standard of care was followed in Defendants' handling of Plaintiff's reported ankle injury.

**AS TO FORM AND OBJECTIONS:**

Dated: February 26, 2020

**LARSON • KING, LLP**

By: *s/ Anthony J. Novak*
Mark A. Solheim (213226)
Anthony J. Novak (#351106)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
msolheim@larsonking.com
tnovak@larsonking.com

*Attorneys for Defendants Centurion of Minnesota, LLC and Jeanne L. Luck, LPN*

LK 1927491-v1

## ACKNOWLEDGEMENT

Deana Johnson, being duly sworn, states that I am the General Counsel for Centurion of Minnesota LLC, and, as such, I am authorized to execute Centurion's Answers to Plaintiff's Interrogatories. The foregoing Answers to Interrogatories have been ascertained and derived from my personal knowledge and/or the business files and records of Centurion of Minnesota LLC.

Dated: 2/25/20

**CENTURION OF MINNESOTA LLC**

By: _____

Subscribed to and sworn to before me this 25th day of Feb, 2020.

_____
Notary Public

TERRI L TAYLOR
Notary Public - State of Georgia
Cobb County
My Commission Expires May 6, 2023

*The remainder of this page intentionally left blank.*

6