RAE #7

RECEIVED
BY MAIL
MAY 21 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
MAY 21 2020
U.S. DISTRICT COURT - MPLS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Terrell Robinson,<br><br>Plaintiff,<br><br>vs.<br><br>Stephen Dannewitz, M.D., Advanced Medical Imaging, Inc., Ranjiv Saini, M.D., Centurion of Minnesota, LLC, Jeanne Luck, LPN;<br><br>Defendants. | Case No.: 0:17-CV-00437-DSD-KMM<br><br>**DEFENDANTS CENTURION OF MINNESOTA, LLC AND JEANNE L. LUCK, LPN'S ANSWERS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES** |

TO: Plaintiff [*Pro Se*] Tony Terrell Robinson, Inmate ID: 18099-041, Federal Correctional Institution, P.O. Box 5000, Greenville, Illinois 62246-5000, and his attorney Zorislav R. Leyderman, The Law Office of Zorislav R. Leyderman, 222 South 9th Street, Suite 1600, Minneapolis, MN 55402.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Centurion of Minnesota, LLC and Jeanne Luck, LPN respond to Plaintiff's Third Set of Interrogatories as follows:

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 19:** Centurion of Minnesota, LLC, identify any and all medical personnel who worked on April 14, 2014, at Lino Lakes Correctional Facility in Minnesota.

**ANSWER:** Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Defendants further object to this Interrogatory because it is irrelevant to any claim or defense and is disproportionate to the needs of the case. Subject to and without waiving any objections, Defendants refer Plaintiff to the medical records for a list of medical personnel that provided him care.

**INTERROGATORY NO. 20:** Identify what medical personnel was on-call on the evening of April 14, 2014, for the Lino Lakes Correctional Facility in Minnesota.

**ANSWER:** Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Subject to and without waiving any objections, Defendants state that Virginia Mandac, M.D. was the physician on call on April 14, 2014.

**INTERROGATORY NO. 21:** Identify by photo and name, any and all medical personnel assigned to work at the Lino Lakes Correctional Facility in Minnesota, between April 1st, 2014 through May 31st, 2014.

**ANSWER:** Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Defendants further object to this Interrogatory as overly broad because the time at issue is between April 14, 2014 (the date of Plaintiff's injury) and May 8, 2014 (the date of Plaintiff's release). Defendants further object to this Interrogatory because it is irrelevant to any claim or defense and is disproportionate to the needs of the case. Subject to and without waiving any objections, Defendants refer Plaintiff to the medical records for a list of medical personnel that provided him care.

**INTERROGATORY NO. 22:** Please state whether Jeanne Luck, LPN was on site at the Lino Lakes Correctional Facility in Minnesota, on April 15, 2014.

**ANSWER:** Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Subject to and without waiving any objection, Defendants state that Defendant Luck worked at MCF-Lino Lakes on April 15, 2014.

**INTERROGATORY NO. 23:** Identify the work schedule of Stephen Dannewitz, M.D. for April 14th, 2014 through May 31st, 2014.

   a. Work schedule of Jeanne Luck, LPN as well.

**ANSWER:** Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Defendants further object to this Interrogatory as overly broad because the time at issue is between April 14, 2014 (the date of Plaintiff's injury) and May 8, 2014 (the date of Plaintiff's release). Subject to and without waiving any objection, Defendants state that Defendant Dannewitz was scheduled to work the following dates at MCF-Lino Lakes within the relevant timeframe: April 21-25, 28-30, 2014 and May 1-2, 5-8, 2014. Defendants further state that Defendant Luck was scheduled

to work the following dates at MCF-Lino Lakes within the relevant timeframe: April 15-16, 22-23, 29-30, 2014 and May 6-7, 2014.

**INTERROGATORY NO. 24:** Centurion of Minnesota, LLC, identify any and all documents relating to efforts or goals to decrease cost from 2011 to present, for Minnesota inmates.

**ANSWER:** Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Defendants further object to this Interrogatory as overly broad because the time at issue is between April 14, 2014 (the date of Plaintiff's injury) and May 8, 2014 (the date of Plaintiff's release). Defendants further object to this Interrogatory because it is irrelevant to any claim or defense and is disproportionate to the needs of the case.

**INTERROGATORY NO. 25:** Centurion of Minnesota, LLC, identify the policy and procedures set in place that are required to be followed by medical personnel when ordering or requesting an outside CT scan.

**ANSWER:** Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Subject to and without waiving any objection, medical providers can request a CT scan when medically indicated, but nothing in Plaintiff's post-injury records suggest that this was such a situation. Defendants state that reasonable and appropriate steps were taken during the initial assessment to care for and treat Plaintiff's injury.

**INTERROGATORY NO. 26:** Centurion of Minnesota, LLC, please state whether there exist any industry or trade standards or guidelines, or any laws, rules, or regulations that regulate Centurion of Minnesota's provision of medical treatment to Plaintiff.

**ANSWER:** Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Defendants further object to this Interrogatory as exceeding the maximum number of Interrogatories permitted by the Court's Scheduling Order dated August 23, 2019 (ECF No. 185). Defendants further object to this Interrogatory on the grounds that it is calling for a legal conclusion and is calling for an expert opinion. Defendants state that reasonable and appropriate steps were taken during the initial assessment to care for and treat Plaintiff's injury. The standard of care was followed in Defendants' handling of Plaintiff's reported ankle injury.

**INTERROGATORY NO. 27:** Centurion of Minnesota, LLC, and Jeanne Luck, LPN, identify any and all medical journals, magazines, posters, pamphlets, handouts, flyers, or

3

other materials regarding medical care that was subscribed to, or available to Jeanne Luck, LPN, Stephen Dannewitz, M.D., or any other medical personnel that came in contact with Robinson during April of 2014 to June of 2014, for a period of 2011 to present.

**ANSWER**: Defendants object to this Interrogatory as untimely, because the Interrogatory was not commenced in time to be completed by the discovery cutoff date of March 14, 2020 (*See* ECF No. 185, 215). Defendants further object to this Interrogatory as exceeding the maximum number of Interrogatories permitted by the Court's Scheduling Order dated August 23, 2019 (ECF No. 185). Defendants further object to this Interrogatory as overly broad because the time at issue is between April 14, 2014 (the date of Plaintiff's injury) and May 8, 2014 (the date of Plaintiff's release). Defendants further object to this Interrogatory on the grounds that it is vague and lacking in definition, as it is unclear what Plaintiff means by the phrase "came in contact with Robinson." Defendants further object to this Interrogatory because it is irrelevant to any claim or defense and is disproportionate to the needs of the case.

**AS TO FORM AND OBJECTIONS:**

Dated: March 27, 2020

**LARSON • KING, LLP**

By: *s/ Anthony J. Novak*
Mark A. Solheim (213226)
Anthony J. Novak (#351106)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Tel:  (651) 312-6500
Fax: (651) 312-6618
msolheim@larsonking.com
tnovak@larsonking.com

*Attorneys for Defendants Centurion of Minnesota, LLC and Jeanne L. Luck, LPN*

LK 1943610

4

## ACKNOWLEDGEMENT

_____, being duly sworn, states that I am the _____ for Centurion of Minnesota LLC, and, as such, I am authorized to execute Centurion's Answers to Plaintiff's Interrogatories. The foregoing Answers to Interrogatories have been ascertained and derived from my personal knowledge and/or the business files and records of Centurion of Minnesota LLC.

Dated: _____

**CENTURION OF MINNESOTA LLC**

By: _____

Subscribed to and sworn to before me
this \_\_\_\_ day of _____, 2020.

_____
       Notary Public

*The remainder of this page intentionally left blank.*

5