RAE #11

RECEIVED BY MAIL
MAY 21 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
MAY 21 2020
U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TONY ROBINSON,

          Plaintiff,

                                    Case No. 17-437 (DSD/KMM)

v.

ADVANCED MEDICAL IMAGING, INC.,
*et al.*,

          Defendants.

## DEFENDANT DR. RANJIV SAINI'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION AND THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Ranjiv Saini, M.D., by and through counsel, Leib Knott Gaynor LLC, responds to Plaintiff's Requests for Admission and Third Set of Interrogatories and Requests for Production of Documents as Follows.

### GENERAL OBJECTIONS

This Answering Defendants objects to these requests to the extent any individual request seeks information that is protected from disclosure due to work produce, attorney/client, or investigatory privilege.

### RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that you interpreted an x-ray of Robinson's ankle on 4/16/14.

**RESPONSE:** Objection. This request is vague and ambiguous. Subject to these objections and without waiving the same, deny as phrased. The report speaks for itself.

**REQUEST FOR ADMISSION NO. 2:** Admit that Exhibit #1 of the Complaint is true and correct.

**RESPONSE:** Objection. This request, including reference to "Exhibit 1," is vague and ambiguous. There have been multiple complaints and attachments. Subject to these objections and without waiving the same, deny.

**REQUEST FOR ADMISSION NO. 3:** Admit that you electronically signed the x-ray report in Exhibit #1 of the Complaint.

**RESPONSE:** Objection. This request, including reference to "Exhibit 1" is vague and ambiguous. There have been multiple complaints and attachments. Subject to these objections and without waiving the same, deny. The report speaks for itself.

**REQUEST FOR ADMISSION NO. 4:** Admit that by you signing the x-ray report electronically, you are authenticating that you accurately read the ankle x-ray on 4-16-14.

**RESPONSE:** Objection. This request, including "authenticating" is vague and ambiguous. Subject to these objections and without waiving the same, deny as phrased. The report speaks for itself.

**REQUEST FOR ADMISSION NO. 5:** Admit that when interpreting x-rays you are required to look for irregularities in bones, tissues, and look for fractures.

**RESPONSE:** Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny. A radiologist's duty under the standard of care is defined by the specific circumstance of each case.

**REQUEST FOR ADMISSION NO. 6:** Admit that you do not rely on anyone else's interpretation of x-ray's [*sic*] but your own.

**RESPONSE:** Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny. A radiologist's duty under the standard of care is defined by the specific circumstance of each case.

**REQUEST FOR ADMISSION NO. 7:** Admit that treating physicians rely on your skill of accurately interpreting x-ray's [*sic*] to provide care to their patient.

**RESPONSE:** Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny. A radiologist's duty under the standard of care is defined by the specific circumstance of each case.

**REQUEST FOR ADMISSION NO. 8:** Admit that you are required to accurately interpret radiographic images.

**RESPONSE:** Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny. A radiologist's duty under the standard of care is defined by the specific circumstance of each case.

**REQUEST FOR ADMISSION NO. 9:** Admit that you observed mild medial and lateral soft tissue swelling on the x-ray you interpreted of Robinson on 4-16-14.

**RESPONSE:** Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny as phrased. The report speaks for itself.

**REQUEST FOR ADMISSION NO. 10**: Admit that when you issued your report of your radiographic findings, you did not note any irregularity of any bone.

**RESPONSE**: Objection. This request is vague and ambiguous. Subject to these objections and without waiving the same, deny as phrased. The report speaks for itself.

**REQUEST FOR ADMISSION NO. 11**: Admit you failed to probe and ask for an x-ray of the foot.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 12**: Admit that on the mortise view, there was irregularity along the lateral and plantar portion of the navicular on the x-ray you interpreted on 4-16-14.

**RESPONSE**: Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny. The report speaks for itself.

**REQUEST FOR ADMISSION NO. 13**: Admit that the standard of care for Radiologist [*sic*] such as yourself would have been to probe and ask for additional x-rays given the irregularity along the lateral and plantar portion of the navicular, found in Robinson 4-16-14 x-ray.

**RESPONSE**: Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny. A radiologist's duty under the standard of care is defined by the specific circumstance of each case.

**REQUEST FOR ADMISSION NO. 14**: Admit that you did not follow the standard of care.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 15**: Admit that you have read x-rays negligently in the past.

**RESPONSE**: Objection. This request is vague, overbroad, ambiguous and not intended to lead to the discovery of admissible evidence. Subject to these objections and without waiving the same, deny.

**REQUEST FOR ADMISSION NO. 16**: Admit that you failed to exercise due care when interpreting Robinson's ankle x-ray.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 17**: Admit that there was a facture ultimately found.

**RESPONSE**: Objection. This request, including the statement "there was a fracture ultimately found" is vague and ambiguous. Subject to these objections and without waiving the same, deny as phrased. The reports speak for themselves.

**REQUEST FOR ADMISSION NO. 18**: Admit that you have a duty to read x-rays accurately.

**RESPONSE**: Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny. A radiologist's duty under the standard of care is defined by the specific circumstance of each case.

**REQUEST FOR ADMISSION NO. 19**: Admit that you breached the standard of care by not probing and requesting that additional x-rays be ordered.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 20**: Admit that in your opinion if x-ray's [sic] are not read accurately the standard of care was not followed.

**RESPONSE**: Objection. This request is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny. A radiologist's duty under the standard of care is defined by the specific circumstance of each case.

**REQUEST FOR ADMISSION NO. 21**: Admit that you have been named in any previous complaint of any kind.

**RESPONSE**: Objection, this request is vague, ambiguous, overly broad, unduly burdensome and intended to harass Dr. Saini.

**REQUEST FOR ADMISSION NO. 22:** Admit that when viewing an x-ray of an ankle, there are a number of bones in the image.

**RESPONSE:** Objection. This request is vague, overly broad, ambiguous, and speculative. Subject to these objections and without waiving the same, deny as phrased. The "number of bones in the image" depends on what is shown in a specific image.

**REQUEST FOR ADMISSION NO. 23:** Admit that the navicular bone is viewed on the ankle x-ray image taken on April 16, 2014.

**RESPONSE:** Objection. This request, including "on the ankle x-ray image" is vague, overbroad and ambiguous. Subject to these objections and without waiving the same, deny as phrased. The report speaks for itself.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 16:** Please state if you are still contracted with Advanced Medical Imaging, Inc.

**RESPONSE:** Objection, this request is overly broad, vague, and not intended to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 17:** Please state the name and address or otherwise identify and locate any person or entity, who, to you or your attorney's knowledge, claims to know the facts relevant to the conduct described in the complaint.

**RESPONSE**: Objection, this request is overly broad, tends to invade attorney-client privilege, and unduly burdensome. Subject to these objections and without waiving the same, witnesses will be identified consistent with the scheduling order.

**INTERROGATORY NO. 18**: Please state what bones are viewed in an ankle x-ray image.

**RESPONSE:** Objection, this interrogatory is vague and overly broad. Subject to these objections and without waiving the same, an x-ray is necessarily case specific and Dr. Saini cannot speculate on this hypothetical.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 7**: Please produce any and all e-mail correspondences, or any paper document's referencing Tony Terrell Robinson from April 16, 2014 to present, excluding these court proceedings.

**RESPONSE:** Objection, this request is overly broad, vague, unduly burdensome, and tends to invade attorney-client privilege. Subject to these objections and without waiving the same, this answering defendant is not aware of any such responsive documents.

**As to Answers:**

Dated this 25th day of February, 2020.

By: _/s/ Ranjiv K. Saini_____
Ranjiv Saini, M.D.

**As to Objections:**

Dated this 25th day of February, 2020.

**LEIB KNOTT GAYNOR LLC**

By: _s/ Douglas S. Knott_____
Douglas S. Knott, SBN 0394856
Attorney for Defendant Ranjiv Saini, M.D.
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2109
Fax (414) 276-2140
Email dknott@lkglaw.net