RAE #12

RECEIVED
BY MAIL

MAY 21 2020

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
MAY 21 2020
U.S. DISTRICT COURT MPLS

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tony Terrell Robinson,

    Plaintiff,

    v.

Minnesota Department of Corrections, et al.

    Defendants.

Court File No. 17-CV-0437 (DSD/KMM)

### DEFENDANT STEPHEN DANNEWITZ, M.D.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

TO:   Plaintiff Tony Terrell Robinson, Inmate ID: 18099-041, Federal Correction Institution – Greenville, P.O. Box 5000, Greenville, IL 62246-5000.

PLEASE TAKE NOTICE that Defendant Stephen Dannewitz, M.D., pursuant to Rule 33 of the Federal Rules of Civil Procedure, provides the following answers to Plaintiff Tony Terrell Robinson's First Set of Interrogatories.

### GENERAL OBJECTIONS

Defendant Stephen Dannewitz, M.D., objects to Plaintiff's Interrogatories to the extent they fail to comply with Minn. Stat. § 604.11. Subject to and without waiving said objection, Dr. Dannewitz responds to Plaintiff's First Set of Interrogatories as follows:

**Interrogatory No. 1:**      Please state whether Dr. Dannewitz's insurance carrier has ever paid a claim for Dr. Dannewitz, before.

**ANSWER**:  **This interrogatory is objected to as irrelevant, overly broad, and not likely to lead to the discovery of admissible evidence.**

**Interrogatory No. 2:**      Please state whether Dr. Dannewitz has ever been a party to any previous claim in any action?

ANSWER:  This interrogatory is objected to as irrelevant, overly broad, and not likely to lead to the discovery of admissible evidence. Subject to and without waiving said objections, no.

        a.     If so, for what type of claim

ANSWER:  No response is required.

        b.     If so, from what court, and under what case number

ANSWER:  No response is required.

**Interrogatory No. 3:**    Please state whether Dr. Dannewitz has ever been considered a state actor?

ANSWER:  This interrogatory is objected to on the basis that it calls for a legal conclusion. Subject to and without waiving said objection, Dr. Dannewitz provided Locum Tenens coverage at the Lino Lakes Correctional Facility through a contract with Medical Doctor Associates, LLC.

**Interrogatory No. 4:**    Please state whether Dr. Dannewitz had a license to practice medicine between April 2014 through June 2014?

ANSWER:  Yes.

        a.     If so, what license(s) does Dr. Dannewitz hold?

ANSWER:  Dr. Dannewitz is duly licensed by the State of Minnesota Board of Medical Practice and was also licensed to practice medicine in Minnesota during the above-referenced time. Dr. Dannewitz was also licensed to practice medicine in other states during the above-referenced period of time.

        b.     If not, how was Dr. Dannewitz permitted to see inmates in the Dept. of Corrections.

ANSWER:  No response is required.

**Interrogatory No. 5:**    Please state whether Dr. Dannewitz had the authority to request or place a medical hold on Tony Terrell Robinson?

ANSWER:  This interrogatory is objected to as vague and ambiguous as to what is meant by "medical hold" and therefore Defendant cannot respond as to whether he "had the authority to request or place a medical hold on Tony Terrell Robinson."

2

a.    If not, who had the authority to do so?

**ANSWER**:  **See response to Interrogatory No. 5.**

b.    If so, why he did not use his authority to do so?

**ANSWER**:  **See response to Interrogatory No. 5.**

**Interrogatory No. 6:**    Please state whether Dr. Dannewitz has medical training and or licenses to interpret x-rays?

**ANSWER**:  **As a physician board-certified in emergency medicine, Dr. Dannewitz's specialization is not in radiology.**

**Interrogatory No. 7:**    Dr. Dannewitz please state when a fracture is possibly missed what is the standard of care to followed (sic)?

**ANSWER**:  **This interrogatory is objected to as vague, ambiguous and an incomplete hypothetical. Further, this interrogatory is objected to on the basis that it seeks expert medical opinion. Expert witness reports will be disclosed pursuant to the Court's Scheduling Order and the Rules of Civil Procedure. Subject to this objection and without waiving same, under circumstances of a possibly missed fracture, an x-ray is ordered again at a later time.**

**Interrogatory No. 8:**    Dr. Dannewitz please state when a patient presents and you note pain with subtalar motion, pain with ankle motion, pain over the medial first metatarsal and the arch, what is the standard of care that you are trained to follow?

**ANSWER**:  **This interrogatory is objected to as vague, ambiguous and an incomplete hypothetical. This interrogatory is objected to on the basis that it seeks expert medical opinion. Expert witness reports will be disclosed pursuant to the Court's Scheduling Order and the Rules of Civil Procedure.**

**Interrogatory No. 9:**    Dr. Dannewitz why you discontinued the crutches and splint on April 30, 2014 when during this same visit with Tony Terrell Robinson, your diagnosis was he had a "foot sprain."

**ANSWER**:  **This interrogatory is objected to as vague, ambiguous and an incomplete statement of the medical facts. When Mr. Robinson presented on April 30, 2014, the x-rays of the ankle and foot were interpreted as negative for fracture. Under the circumstances, following two negative x-rays, it was reasonable and appropriate to attempt bearing weight as tolerated. Further, Mr. Robinson was non-compliant with utilizing both crutches as instructed. In this situation, it was appropriate and reasonable to discontinue the improper use of one crutch and in light of the negative x-rays informing the working diagnosis of "foot sprain."**

3

a.    Was you following the standard of care by discontinuing the crutches and boot?

**ANSWER**: **Yes.**

b.    Were you following the standard of care by discontinuing the crutches and boot, when there was continued negative x-ray's [sic], and the day before, on April 29, 2014, you diagnosed Plaintiff with a "foot injury"?

**ANSWER**: **This interrogatory is objected to as vague, ambiguous, and an incomplete statement of the medical facts. . Further, this interrogatory is objected to on the basis that it seeks expert medical opinion. Expert witness reports will be disclosed pursuant to the Court's Scheduling Order and the Rules of Civil Procedure. Subject to the foregoing objections and without waiving same, yes, Dr. Dannewitz was following applicable standard of care when he evaluated Mr. Robinson.**

**Interrogatory No. 10:**    Please state whether Dr. Dannewitz has the authority to order a CT scan?

**ANSWER**:  **Dr. Dannewitz can request an outside CT scan, which must be approved and ordered by the medical director.**

a.    If so, why didn't you order a CT scan on Robinson?

**ANSWER**: **As stated above, Dr. Dannewitz can request a CT scan to be ordered. On the date and times Dr. Dannewitz evaluated Mr. Robinson, the applicable standard of care did not require requesting a CT scan.**

b.    If not, why not?

**ANSWER**:  **See above.**

**Interrogatory No. 11:**    Dr. Dannewitz please state what the standard of care for a foot sprain?

**ANSWER**: **This interrogatory is objected to as vague and ambiguous and calling for speculation. This interrogatory is objected to on the basis that it seeks expert medical opinion. Expert witness reports will be disclosed pursuant to the Court's Scheduling Order and the Rules of Civil Procedure. Subject to said objections, the applicable standard of care depends upon the patient's history, clinical examination, radiologic images and interpretations. Based upon all of these, Dr. Dannewitz complied with accepted standards of care at all times relevant.**

**Interrogatory No. 12:**    Please state what was Dr. Dannewitz's total payment for providing care to Minnesota inmate in the year of 2014?

<u>**ANSWER**</u>:  **This interrogatory is objected to as irrelevant, overly broad, and not likely to lead to the discovery of admissible evidence.**

**[THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]**

Stephen Dannewitz, M.D.

Subscribed and sworn to before me
This 25 day of February 2020

Notary Donna Noble
Expiration: Sept 18, 2022



DONNA NOBLE
Notary Public, State of Florida
Commission# GG 262676
My comm. expires Sept. 18, 2022

AS TO FORM AND OBJECTIONS:

Dated: February 24, 2020    By: _____
Nicole L. Brand (#299546)
Besse H. McDonald (#0398662)
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661
nbrand@meagher.com
bmcdonald@meagher.com

*Attorneys for Defendant Stephen Dannewitz,
M.D.*

13279041.1

Dated:  February 26, 2020          By:  _Nicole L. Brand (#299546)_ (signature)

Nicole L. Brand (#299546)
Besse H. McDonald (#0398662)
**Meagher & Geer, PLLP**
33 South Sixth Street, Suite 4400
Minneapolis, MN  55402
(612) 338-0661
nbrand@meagher.com
bmcdonald@meagher.com
*Attorneys for Defendant Stephen Dannewitz,*
*M.D.*

13329466.1